UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                             CRIMINAL NO. 3:19-CR-80-DPJ-LRA

HECTOR VALDEZ-LEORA

ORDER

This criminal case is before the Court on Defendant Hector Valdez-Leora's Motion for Revocation of Order of Detention Pending Trial [25]. For the reasons that follow, the motion is denied.

I.    Background

Hector Valdez-Leora ("Defendant") was indicted by a federal Grand Jury on April 3, 2019, on two counts of violating 18 U.S.C. §§ 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(i). Count 1 charges Defendant with concealing, harboring, and shielding from detection O.R.-S., an alien unlawfully present in the United States. Count 2 charges Defendant with concealing, harboring, and shielding from detection Juan Pablo Valdez-Morales, an alien unlawfully present in the United States.

On April 11, 2019, United States Magistrate Judge Linda Anderson held a detention hearing under 18 U.S.C. § 3142 and granted the Government's motion to detain Defendant pending trial. Judge Anderson found by a preponderance of the evidence that no condition or combination of conditions of release would reasonably assure Defendant's appearance. Defendant now seeks a new hearing or, alternatively, de novo review and an order revoking the order of detention.

II.     Standard

"When the district court, pursuant to 18 U.S.C. § 3145(b), acts on a motion to revoke or amend a magistrate's pretrial detention order, the court acts de novo and makes an independent determination of the proper pretrial detention or conditions for release." *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985). Here, Defendant also seeks a new evidentiary hearing. The Bail Reform Act provides in relevant part:

> The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required . . . .

18 U.S.C. § 3142(f)(2)(B). Defendant offers no new evidence. Instead, he cites various reports that were available before the detention hearing, an affidavit from one of his clients, and letters from his friends. While the Court will not conduct a new hearing, it will consider his new exhibits. *See United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989) (affirming denial of new hearing because "testimony of [defendant's] family and friends is not new evidence").

III.    Analysis

The Bail Reform Act governs pretrial detention. It states in relevant part as follows:

> If, after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial.

18 U.S.C. § 3142(e)(1). No one suggests that Defendant presents a risk to the public, so the question is whether he poses a flight risk. Defendant says he does not for two primary reasons. First, he has strong ties to the community in which his immediate family resides and where he owns and operates a business. Second, in 2017, authorities indirectly warned him about potential criminal liability if he hired illegal aliens, yet Defendant never attempted to flee.

Even assuming these statements are true, they are outweighed by other concerns. The Bail Reform Act provides four general factors—with subparts—that courts must consider. 18 U.S.C.A. § 3142(g). Based on a de novo review of those factors, the Court reaches the same conclusion as the magistrate judge. First, the nature and circumstances of the offense weigh in favor of detention. While not a crime of violence, the case does involve attempts to evade lawful detection and illegal border crossings. Moreover, Defendant used fraudulent social-security numbers in his business, covertly posted bond for another individual, and assisted the aliens unlawfully present in renting a home on the strength of his credit history. Second, Defendant has not suggested that the weight of the evidence against him is weak. And third, his history and characteristics present a risk. Although Defendant has family here, his parents reside in Mexico, he visits Mexico regularly, he has the financial means to flee, he has ties to individuals who cross the border illegally, and he told authorities at one point that he knew it was illegal to hire undocumented workers and that given the current climate he might as well return to Mexico. Finally, as to the third factor, the mere fact that he did not flee before his arrest is not persuasive. There is a difference between being warned not to engage in criminal conduct and being indicted for it. The fourth factor addresses the risk to the community and does not support detention.

IV. Conclusion

Like Judge Anderson, the Court concludes that the Government met its burden of showing by a preponderance of the evidence that no condition or combination of conditions will reasonably assure Defendant's appearance at trial. Therefore, Defendant's motion [25] is denied.

**SO ORDERED AND ADJUDGED** this the 9th day of May, 2019.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE